UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **DEBORAH FELDMAN,** | Index No.: 08-CV-0357 |
| | (Robinson J.) |
| | (Smith, M.J.) |
| **Plaintiff,** | |
| | |
| **ERIC M. BERMAN,** | **ANSWER AND** |
| **ERIC M. BERMAN, P.C. and** | **COUNTERCLAIMS** |
| **JOHN DOE 1-10, XYZ, INC. 1-10,** | |
| | |
| **Defendants.** | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants, ERIC M. BERMAN and ERIC M. BERMAN, P.C., by Eric M. Berman, P.C., attorney for Defendants, as and for its Answer and Counterclaim to Plaintiff's Complaint, alleges as follows.

1. Defendants deny all allegations contained in Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Defendants admit that this Court has subject matter jurisdiction over this matter under 28 U.S.C. 1331, and admit that this matter is brought in the proper venue, but deny the remaining allegations contained in Paragraph 2 of the Complaint.

**PARTIES**

3. Defendants deny knowledge or information sufficient to form a belief as to Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS.

7. Defendants admit the allegation that Joel Feldman is Plaintiff's husband, and deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny that Defendants "threaten[ed]" or "harassed" Plaintiff, and Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that a judgment was entered on September 26, 2007 in the matter entitled "Discover Bank v. Joel Feldman." Defendants deny knowledge or information sufficient to form a belief as what call or calls Plaintiff made; and Defendants deny the remaining allegations of Paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint.

32. Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit that the Plaintiff was not a co-defendant in the above-referenced judgment, and Defendants deny knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## FIRST CLAIM

36. Defendants repeat, re-iterate and re-allege all responses to allegations set forth in Paragraphs 1 through 35 of Plaintiff's Complaint as if fully reprinted herein.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

## SECOND CLAIM

50. Defendants repeat, re-iterate and re-allege all responses to allegations set forth in Paragraphs 1 through 49 of Plaintiff's Complaint as if fully reprinted herein.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

## THIRD CLAIM

53. Defendants repeat, re-iterate and re-allege all responses to allegations set forth in Paragraphs 1 through 52 of Plaintiff's Complaint as if fully reprinted herein.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## FOURTH CLAIM

58. Defendants repeat, re-iterate and re-allege all responses to allegations set forth in Paragraphs 1 through 57 of Plaintiff's Complaint as if fully reprinted herein.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

## FIFTH CLAIM

63. Defendants repeat, re-iterate and re-allege all responses to allegations set forth in Paragraphs 1 through 62 of Plaintiff's Complaint as if fully reprinted herein.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants admit that pursuant to a valid and enforceable judgment, a bank account was restrained, and Defendants deny the remaining allegations of Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

## ADDITIONAL CLAIMS

69. Defendants repeat, re-iterate and re-allege all responses to allegations set forth in Paragraphs 1 through 68 of Plaintiff's Complaint as if fully reprinted herein.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

73. Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

74. If any of the alleged violations actually occurred, it was unintentional and the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

75. Plaintiff has not suffered any damage or injury as a result of any action on the part of Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

76. Any alleged communication with Plaintiff set forth in the Complaint is not in violation of any statute or regulation with respect to the collection of a consumer debt and more particularly stated in 15 U.S.C. §1692c(d).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
AND FIRST COUNTERCLAIM**

77. Defendants repeat, re-iterate and re-allege all statements set forth in Paragraphs 1 through 78 hereof as if fully reprinted herein.

78. On January 15, 2008 Plaintiff caused the Complaint in this action to be filed with the Clerk of the United States District Court for the Southern District of New York.

79. By reason of the said filing, the Complaint in this action is available for review by the public, either by a review of the records maintained by the Clerk of this Court or through the use of the PACER internet system.

80. The Complaint contains at least forty-six (46) separate false and defamatory statements made knowingly, recklessly, maliciously and intentionally, with no regard for the truth in regard to Defendant Eric M. Berman, Esq., the specific statements being annexed hereto as Exhibit A. Said statements exceed the boundaries of the law regarding any and every protection and immunity afforded allegations and statements made in a court proceeding. Plaintiff made such statements with the intent to injure Defendant Eric M. Berman, Esq., financially and emotionally and to destroy his personal and business reputations.

81. The Complaint contains at least forty-six (46) separate false and defamatory statements made knowingly, recklessly, maliciously and intentionally, with no regard for the truth in regard to Defendant Eric M. Berman, P.C., the specific statements being annexed hereto as Exhibit A. Said statements exceed the boundaries of the law regarding any and every protection and immunity afforded allegations and statements made in a court proceeding. Plaintiff did so with the intent to injure Defendant Eric M. Berman, P.C., financially and to destroy its business reputation.

82. At the time the Complaint was filed, Plaintiff knew or should reasonable have known that each and every one of the said statements were false and defamatory.

83. Defendant Eric M. Berman, Esq., is not a public figure.

84. Defendant Eric M. Berman, P.C., is not a public figure.

85. By reason of each and every one of the false and defamatory statements made by the Plaintiff, Defendant Eric M. Berman, Esq., has been severely damaged.

86. By reason of each and every one of the false and defamatory statements made by the Plaintiff, Defendant Eric M. Berman, P.C., has been severely damaged.

87. By reason of the Plaintiff's actions, Defendant Eric M. Berman, Esq., has suffered damages in the sum of $1,000,000.00.

88. By reason of the Plaintiff's actions, Defendant Eric M. Berman, P.C., has suffered damages in the sum of $1,000,000.00.

### AS AND FOR A SIXTH AFFIRMATIVE
### DEFENSE AND SECOND COUNTERCLAIM

89. Defendants repeat, re-iterate and re-allege all statements set forth in Paragraphs 1 through 90 hereof as if fully reprinted herein.

90. Plaintiff's action is frivolous as defined in law, and accordingly, Defendants are entitled to all damages as a result thereof, in a sum to be determined by the trier of fact, but not less than the sum of $100,000.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's Complaint, and on their First Counterclaim in the sum of $1,000,000 for each named Defendant, and on their Second Counterclaim in the sum of $100,000 for each named Defendant, together with costs, disbursements and attorney's fees in defending this action, and for such other and further relief as the Court may deem just and proper.

Dated: February 4, 2008

        Respectfully submitted,

        ERIC M. BERMAN, P.C.
        Attorneys for Defendants

        _____
        By: Eric M. Berman, Esq. (EB-1262)
        500 West Main Street, Suite 212
        Babylon, New York 11702
        631-486-4900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
DEBORAH FELDMAN,

                              Plaintiff,

ERIC M. BERMAN,
ERIC M. BERMAN, P.C. and
JOHN DOE 1-10, XYZ, INC. 1-10,

                              Defendants.
-------------------------------------- X

Index No.: 08-CV-0357
(Robinson J.)
(Smith, M.J.)

# EXHIBIT "A"

The following false and defamatory statements, each contained in the Complaint in this action, are referred to in more detail in paragraphs "73" *et seq.* of Defendants' Answer.

| Complaint ¶ | Statement |
|---|---|
| 8 | Defendant himself, as well as Defendant's employees, made numerous harassing phone calls to Plaintiff in November and December of 2006. |
| 8 | Defendant would call 10 times in 5 minutes, tying up the phone lines. |
| 9 | Defendants [sic.] made payment demands, threats and harassing statements to Plaintiff. |
| 11 | Defendant would shout, threaten and harass, not letting [Plaintiff] speak. |
| 12 | Defendant, Eric Berman, threatened Plaintiff that should she and her husband not cooperate, they would both go to jail and their infant child would be turned over to social services. Defendant was shouting in an abusive language |
| 14 | Defendant kept calling |
| 18 | Defendant continued to call Plaintiff's husband at work, repeatedly threatening him. |
| 18 | Defendant continued with the calls, increasing the daily calls. |
| 18 | Defendants [sic.] threatening calls were threatening his work. |
| 19 | Defendant harassed and threatened [Plaintiff's former neighbors], trying to force them to disclose the new phone number of Plaintiff and her husband. |
| 20 | Defendant told those former neighbors and family of Plaintiff about that [sic.] Plaintiff's husband owed an alleged debt. He threatened to subpoena them and said they would be fined, should they fail to cooperate with his demands. These harassing calls continued for a few months |

Exhibit Page 1

| Complaint ¶ | Statement |
|---|---|
| 23 | [I]n and around March of 2007, Defendant began calling Plaintiff at her new home at inconvenient hours, before 8:00 am, and late at night. |
| 23 | [Defendant] rudely responded that [Plaintiff] has no rights in this matter. |
| 27 | Defendant, Eric Berman, first started threatening [Plaintiff] |
| 27 | Defendant relentlessly harassed [Plaintiff] and her husband |
| 30 | Defendant, Eric Berman, who, upon information and belief, represented to the bank that he is the "Ramapo District Attorney" |
| 35 | Defendant has a pattern and practice of harassing and violative behavior in trying to collect a debt. |
| 37 | Defendants . . . contact[ed] third parties and stat[ed] that Plaintiff and her husband owe a debt. |
| 38 | Defendants . . . contact[ed] third parties numerous times. |
| 38 | Defendant was repeatedly told to stop calling, which he blatantly disregarded. |
| 39 | Defendants . . . call[ed] Plaintiff at unusual hours |
| 39 | Defendants continued such calls despite being asked by Plaintiff to stop. |
| 40 | Defendants . . . call[ed] Plaintiff's husband at work, despite his employers [sic] request that they stop calling. |
| 41 | Defendants . . . contact[ed] third parties about a debt allegedly owed by Plaintiff's husband. |
| 41 | Defendant kept harassing Plaintiff . . . and kept calling family and friends of the Plaintiff. |
| 42 | Defendant . . . threaten[ed] to have Plaintiff and her husband arrested and that they will take away their child and hand him over to social services. |
| 42 | Defendant also threatened former neighbors and friends of Plaintiff, threatening to fine and subpoena them if they do not disclose Plaintiff's phone number and address. |
| 43 | Defendants . . . us[ed] abusive language in trying to collect an alleged debt. |
| 44 | Defendants . . . cause[ed] [Plaintiff's] phone to ring numerous times |
| 44 | Defendants unrelentingly made numerous daily calls to Plaintiff |
| 45 | Defendants . . . threaten[ed] to have Plaintiff and her husband arrested and that they will take away their child and hand him over to social services. |
| 45 | Defendants also threatened former neighbors and friends of Plaintiff, threatening to fine and subpoena them if they do not disclose Plaintiff's phone number and address. |

| Complaint ¶ | Statement |
|---|---|
| 46 | Defendants . . . threaten[ed] to have Plaintiff and her husband arrested should they not pay the alleged debt and that they will take away their child and hand him over to social services. |
| 47 | Defendants . . . threaten[ed] to take action they were not legally entitled to, including: to have Plaintiff and her husband arrested and that they will take away their child and hand him over to social services; threatening former neighbors and friends of Plaintiff that they will to [sic] fine and subpoena them if they do not disclose Plaintiff's phone number and address. |
| 48 | Defendants . . . misrepresent[ed] to the Supreme Court of Rockland County that Plaintiff was served, when no such service was made. |
| 48 | Defendants . . . represent[ed] to Plaintiff's bank that he [sic] is the Rockland County District Attorney, Alan Berman. |
| 49 | Defendants . . . represent[ed] that he is Alan Berman, the Rockland Town Attorney. |
| 59 | Defendants publicized the private affairs of Plaintiff to family, old neighbors, the employer of Plaintiff's husband and potentially others |
| 59 | Defendants made an unwarranted and wrongful public disclosure of the private affairs of Plaintiff |
| 59 | Defendants wrongfully intruded into the private affairs of Plaintiff |
| 60 | Defendants' disclosure was made intentionally, with reckless disregard to the consequential impact on Plaintiff's life |
| 64 | Defendants recklessly, maliciously and/or intentionally, disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted. |
| 65 | Defendants recklessly, maliciously and/or intentionally disclosed to numerous third parties that Plaintiff and her husband owe debts and have financial problems. |
| 67 | Defendants have defamed Plaintiff. |
| 68 | Alternatively, Defendants have . . . defamed Plaintiff |
| 71 | Defendants' constant harassment . . . |

## CERTIFICATE OF SERVICE

      I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Shmuel Berel Klein
Attorney for Plaintiff
268 Route 59 West
Spring Valley, New York 10977


                                                  _____
                                                    Eric M. Berman